ORIGINAL

## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY _____ **DIVISION**

## CIVIL RIGHTS COMPLAINT FORM
## TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

TRACY COLLIER LASHOWN,

Inmate # 13-004395 .

(Enter full name of Plaintiff)

" JURY TRIAL demanded "

vs.

CASE NO: 5:14cv226-RS/EMT

(To be assigned by Clerk)

(1) SHERIFF FRANK MCKEITHEN,
(2) WARDED R. ANGLIN ,
(3) CHIEF RIGSBY ,
(4) SGT. WILLIAMS, (5) CORP. HELMES,
(6) OFF C. SUGGS, (7) OFF. BARTON .

(Enter name and title of each Defendant.

If additional space is required, use the

blank area below and directly to the right.)

Provided to Walton CI
On 9-9-14 for Mailing
       Date
Inmate's Initials ZTC

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

Recd
Filed0915'14UsDcFln3AM0824

## I.   PLAINTIFF:

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: _Tracy Lashawn Collier_
Inmate Number: _2013-004395_
Prison or Jail: _Bay County Jail_
Mailing address: _B.C.S.O. /Jail_
_5700 Star Ln._
_P.C. FL. 32404_

## II.   DEFENDANT(S):

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for **every** Defendant:

(1)   Defendant's name: _Sheriff Frank Mckeithen_ ✓
Official position: _Sheriff_
Employed at: _Bay County Jail_
Mailing address: _3421 N. Hwy. 77_
_Lynn Haven FL. 32405_

(2)   Defendant's name: _R. Anglin_
Official position: _Warden_
Employed at: _Bay County Jail_
Mailing address: _B.C.S.O. /Jail_
_5700 Star Ln._
_P.C. FL. 32404_

(3)   Defendant's name: _D. Rigsby_
Official position: _Chief of Security_
Employed at: _Bay County Jail_
Mailing address: _5700 Star Ln_
_P.C. FL. 32404_

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

2

4.) Defendants Name ___ Williams ___

OFFICIAL Position _8GT._

EMPLOYED AT: _BAY COUNTY JAIL_

MAILING ADDRESS: 5700 STAR LN

P.C. FL. 32404

_____

5.) Defendants Name ___ HELMES ___

Official Position _Corporal_

EMPLOYED AT: _BAY COUNTY JAIL_

MAILING ADDRESS: 5700 STAR LN.; P.C. FL. 32404

6.) DEFENDANTS NAME _C. SUGGS_

Official Position _Officer_

EMPLOYED AT _BAY COUNTY Jail_

MAILING ADDRESS 5700 STAR LN.; P.C. FL. 32404

7.) DEFENDANT'S NAME ___ BARTON ___

Official Position _OFFICER_

EMPLOYED AT _BAY COUNTY JAIL_

MAILING ADDRESS 5700 STAR LN.; P.C. FL 32404

3

## JURISDICTION

1. The Court has jurisdiction over plaintiff's claim of violation of Federal constitutional rights under 42 U.S.C. §§ 1331(1) and 1343

## PARTIES

2. The Plaintiff, Tracy Collier, was held at Bay County Jail during the events described in this complaint.

3. Defendant's Barton, C. Suggs and John Doe are **detention** officers employed at Bay County Jail and they are sued in their individual and official capacity

4. Defendant Williams is a detention Sergeant in charge over officers, corporals, and some employee's and is sued in his individual and official capacity

5. Defendant Helmes is a detention Corporal over A-dorm at Bay County Jail and supervisor of A-dorm and officers being sued in her individual and official capacity

6. Defendant Riesby is employed at Bay County Jail as Chief of Security who and is in charge over Property loss or Stolen Investigations, Appeal of disciplinary findings, supervision and discipline of officers, corporals, Sergeants, lieutenant and he is sued in his individual and official capacity

7. Defendant R. ANGLIN is the Warden over Bay County Jail and is in charge of the supervision and discipline of all staff at the Jail. He is sued in his individual and official capacity.

8. Defendant Frank McKeithen is Sheriff and is responsible for those employed at Bay County Jail and their behavior as detention officers and in charge of supervision over administrative proceedures and is sued in his individual and official capacity

9. All the defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

III.   **EXHAUSTION OF ADMINISTRATIVE REMEDIES** "Plaintiff Has Exhausted"

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

IV.   **PREVIOUS LAWSUITS**

NOTE:  FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes(   )                              No( ✓ )

   1.   Parties to previous action:
       (a)   Plaintiff(s): _____ N/A _____
       (b)   Defendant(s): _____ N/A _____
   2.   Name of judge: ____ N/A ____   Case #: ____ N/A ____
   3.   County and judicial circuit: _____ N/A _____
   4.   Approximate filing date: _____ N/A _____
   5.   If not still pending, date of dismissal: _____ N/A _____
   6.   Reason for dismissal: _____ N/A _____
   7.   Facts and claims of case: _____ N/A _____
       _____

       **(Attach additional pages as necessary to list state court cases.)**

B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes(   )                              No( ✓ )

   1.   Parties to previous action:
       a.   Plaintiff(s): _____ N/A Petitioner Corrections Corporations America _____
       b.   Defendant(s): Corrections (N/A) Corporations America
   2.   District and judicial division: _____ N/A Panama City - No.17 _____
   3.   Name of judge: ____ N/A dont recall ____   Case #: N/A 5:01 cv 205/mmp/smv
   4.   Approximate filing date: _____ N/A dont recall _____
   5.   If not still pending, date of dismissal: _____ N/A unknown _____
   6.   Reason for dismissal: _____ N/A dont recall _____

3

JURISDICTION

The foregoing statue comprises one of the civil rights Acts enacted by the Congress under the 14th Amendment to the constitution of the United States which provides "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States: "Nor shall any state deprive any person of life, liberty or property without due process of law; Nor deny to any person within its jurisdiction the equal protection of the law."..

The infliction of cruel and unusual punishment is forbidden by both the Florida Constitution and the federal Constitution

Any punishment imposed on convicted which involves the unnecessary and wanton infliction of pain, is repugnant to the Cruel and Unusual Punishment Clause of 8th amend.

## III        "EXHAUSTION OF REMEDIES"

1.   On 11-1-13 Plaintiff was involved in a altercation at or around the time of 10:35 pm. where Plaintiff was physically assualted by inmate John Gibson [ video, 10:35; pm 11-1-13 ]

2.   The Plaintiff attempted to protect himself and did return to his cell after being sucker punched by inmate Gibson, however Gibson rushed into the cell in A3 cell B of the plaintiffs.

3.   Shortly thereafterward officer Barton and officer C. Suggs two of the listed defendants arrived and used chemical agent spraying the Plaintiff in the face, and eye's which did cause considerable discomfort and pain.

4.   The defendants Barton and C. Suggs drug inmate John Gibson out the cell and secured Plaintiff and inmate Mike Rivera inside the cell.

5.   The Plaintiff who suffers from Glaucomma, was fearfull that the prolonged effect of chemical agent would cause blindness and took a cup where he kept his diamond partial within due to Not having a denture container

"DEPRIVATION OF PROPERTY"

6.7

6. Placing the partial down in the sink, and used the cup to pour water into his eyes in an attempt to rinse out chemical agent but water was hot!

7.    When the cell door opened defendants Barton, C. Suggs, Sgt. Williams and unknown officer John Doe appeared and Sgt. Williams stated inmate Collier turn around and back out of the cell and submit to restraints or you'll be taken down"!

8. Plaintiff stated "ok can i get my partial and phone cards"?

9. Sgt. Williams stated, "No the officers will do that, now submit to restraints or we will have to use force."

10.   Plaintiff turned and defendant Barton put cuffs on him as defendant John Doe escoureted Plaintiff out of cell back out into hall and had him placed in a chair in front of A3 before the matinance entrance, around 10:40 pm and Defendant Sgt Williams takes a   photo of Plaintiffs face.

11.   Plaintiff observed defendant Barton, C. Suggs enter the dorm and bring out   other, inmates property, however inmate Mike Rivera collected Plaintiffs property and did so unsupervised. [video]

12.   After complaining that his cell was unsecured and that he wanted his property. Defendant C. Suggs stated, "shut your mouth or it might get all thrown away"!

13.  Plaintiff stated "and you'll pay for it too". he was then told if he didn't shut up he'd get into more trouble by Defendant Corporal Holmes."

14.  Plaintiff continued to complain about his property and wanted one of the officers to collect his diamond partial and the phone cards in a orange crush box one of two, he had stored inside a storage locker.

15.  None of the officers did and after 12:00 Am Plaintiff was escorted inside the medical station after near 2 hours with chemical agent in his face, and eyes, while defendants laughed watchen him suffer.

"CRUEL AND UNUSUAL PUNISHMENT"

8

16. Defendant Corporal Helmes escorted Plaintiff to C-dorm then he was placed inside C-4 to have cold shower at or around 12:30 am

17. Plaintiff was thereafterward placed in C-3 cell 6 and officer Kelly escourted him into cell. [Video 11-1-13, 11-2-13, 12:30am C-DORM]

18. Plaintiff Asked officer Kelly to call and inform the post officers Barton and C. Suggs where items of intrest were located to ensure all his property was collected

19. Officer Kelly said "they'll get it to you, i aint calling No damn body" and Plaintiff began to beat on door. officer Kelly yelled out "do you want to go there"? And Plaintiff responded "get a supervisor"!

20. officer Kelly got a video portable camera and placed it before the cell door stating "Imma get your Ass sprayed some more motherfucker"!

21. Plaintiff Kept Kicking on door but decided to wait for the officer to bring his property. [video; 11-2-13]

22. Some time after 2am Corporal Helmes and officer Kelly appeared with a grey storage locker containing books, 2 cheezit, 1 tuna, 1 Recess Peacess, and None of the phone cards, contacts, and diamond partial were present Nor the majority of canteen. [video] 11-2-13

23. Plaintiff Asked defendant Helmes were the missing items were and was told "i didnt see No partial or phone cards, Your canteen was taken as contraband because you dont have No reciepts to prove its yours.

24. Plaintiff informed defendant Corp. Helmes that A search Needed to be done if they dont have the diamond partial and cards!

25. Defendant Helmes stated "I'll look again but Im the one who did your property and i didnt see No orange crush box or contacts

26. Plaintiff spoke with Lt. Smith on 11-2-13 and requested to be

Shown the rule concerning canteen becoming contraband if inmates fail to keep proof of purchase i.e. a receipt. He was unable to produce any such rule nor was any other official able to produce such rule.

27.   Plaintiff requested for 2 days a request to file a grievance and 2 days later was provided a request and submitted a First Step Request intending to obtain a grievance for the officers negligence and liableness by not collecting personal property. the intentional act of detainment without cold shower and removal of canteen under bogus receipt rule was theft by deception given the Supervisor Sgt. Williams participatation and active role.

28.   Plaintiff request sent on 11-5-13, was responded to by Mr. Gilbert, C-dorm classification officer, and Plaintiff was instructed to submit a lost or stolen form rather than a grievance, being advised such was the avenue.

29.   Said Lost/Stolen Property claim was submitted or placed in the box for request and forms between 11-5-13 and 11-7-13 within 7 days of incident.

30.   Sgt Williams Defendant pronounced herein, came to C-Dorm in between this time, after he spoke with Corporal Dickens about the lost partial and confiscated canteen and both appeared between 11-5-13 and 11-9-13. [Video]

31.   Said Defendant Sgt Williams stated, "that he and Lt. Gresko pulled up the account and didn't locate were Plaintiff had acquired or purchased the canteen," therefore it had been confiscated as contraband. [Video]

32.   Plaintiff then showed receipts for canteen to Sgt. Williams, that Canteen Vendor ARAMARK had supplied as far as transactions, and proved canteen was his.

33.   Defendant just shrugged his shoulders and walked away, because he had distributed Plaintiff canteen to inmate John Gibson in part, and had put some in security area for consumption for himself and staff. [Video 12-16-13]

34.   Plaintiff submitted a second request to Mr. Gilbert for a Lost/Stolen

" VIOLATION OF FIFTH AMENDMENT AND DUE PROCESS "

Form 11-12-13 and it was hand delivered by Lt. Smith to chief Rigsby

35. Plaintiff was visited on 11-15-13 or about such date by defendant Corporal Helmes- one day after giving notice he intended to file suite

36. Defendant Helmes stated she had now located the orange crush box with 11 phone cards inside and gave them to plaintiff and asked plaintiff to sign A confiscation slip for his canteen taken.

37. Plaintiff stated if the canteen is contraband, then you're appose to give me a confiscation slip anyway. Defendant Helmes refused stating if you wont sign you're not getting nothing, and left cell block C. [Video]

38. Plaintiff was told by inmate Taylor 12-1-13 that his property had been half collected and that Defendant Helmes stated, his canteen was also confiscated but John Gibson canteen was returned using Plaintiff's to do so.

39. Plaintiff instructed Sgt Williams that John Gibson did not have any canteen and that he could not use Plaintiff and inmate Taylor canteen to give to John Gibson without having some type of hearing or proof they took it! [Attch.D]

40. On or about 12-4-13 Defendant Williams called Plaintiff outside of Dorm into hall and indicated, there would be no canteen returned and he gave Plaintiff canteen to inmate John Gibson and there was nothing he could do about it. date believed to be December 4, 2013 [see Video 10:00pm]

41. Plaintiff spoke with Mr Tyndal and explained what had occurred with his property. Mr Tyndal thereafterward spoke with Chief Rigsby 12-17-13 at 10:15 am who stated he take care of it from there! [Attch. D]

42. On 12-16-13 Lt. Susan had inmate Taylor escorted to his or chief Rigsby office and wanted to settle the issue with the illicit removal of canteen taken by defendants Helmes and Williams on 11-1-13 [video] 12-16-13

43. After concluding investigation/ Lt. Susan and chief Rigsby announced they had

some of it stored inside a file cabnent and told inmate Taylor he could have it just drop his mandamus.

44. Taylor agreed and was told by the chief to tell Plaintiff that he had not forgot about the claims submitted.

45. Taylor told the chief," that he needed to do that himself, and Chief had Lt. Swan call for Plaintiff to instruct him that he had concluded his investigation.

46. Upon doing so found the claim to be genuwine and offered to pay the sum of 3 to 5 thousand for Plaintiffs loss. [see Taylor sworn affidavit][Attch. 6]

47 Plaintiff refused the offer stating a 2.87 diamond partial alone cost way way more than that and the chief asked if Plaintiff was willing to take it to Court, which he stated yes and the chief stated he would speak to the Warden to see what he could come up with and promised to get back with Plaintiff And assured plaintiff it would be resolved. 12-16-13

48. On 1-6-14 Plaintiff wrote to Mr Gillbert and requested 2 grievances concerning non response to prior filed claims.[see attachment K.L]

49. On 1-14-14 a second request was sent for two grievances to see if the other prior two had been collected because there are No copies provided to Plaintiff or inmates when they submit grievances, So security can easily state," it was never received and according to the Security," No record of any grievants have been loged, although four to date have been submitted by Plaintiff concerning this cause."

See. Flory V. Claussen 2006 W.L. 3404779, 3.4; (holding prisoner who followed officials aduice and filed an appeal to the facility Risk management team rather than Grievance had exhausted); see also Brookins V. Vogel, 2006 WL 34374-82-3 (holding Prisoner asserted without contradiction that he was prevented from complying with exhaustion requirement.)

7.   Facts and claims of case: _____N/A_____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C.   Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(  )                    No( . )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1.   Parties to previous action:
     a.   Plaintiff(s): Tracy L Coulter_____
     b.   Defendant(s): Corrections Corporations America_____

2.   District and judicial division: NORTHERN PANAMA CITY FLORIDA

3.   Name of judge: UNKNOWN_____   Case #: 5.01 cv 205/MMP/SMN

4.   Approximate filing date: UNKNOWN_____

5.   If not still pending, date of dismissal: UNKNOWN_____

6.   Reason for dismissal: _____

7.   Facts and claims of case: CRUEL AND UNUSUAL Punishment; Deliberate indifference_____

**(Attach additional pages as necessary to list cases.)**

D.   Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes(  )                    No(✓)

1.   Parties to previous action:
     a.   Plaintiff(s): _____
     b.   Defendant(s): _____

2.   District and judicial division: _____

3.   Name of judge: _____   Case Docket # _____

4.   Approximate filing date: _____   Dismissal date: _____

5.   Reason for dismissal: _____

4

6. Facts and claims of case: _____ N/A _____

_____

**(Attach additional pages as necessary to list cases.)**

## V.    STATEMENT OF FACTS:

State briefly the FACTS of this case.  Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim.  In describing what happened, state the names of persons involved, dates, and places.  <u>Do not make any legal arguments or cite to any cases or statutes.</u>  You must set forth separate factual allegations in separately numbered paragraphs.  You may make copies of this page if necessary to supply all the facts.  Barring extraordinary circumstances, no more than five (5) additional pages should be attached.  **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

1.] Defendant sheriff Frank McKeithen is the respondeat superior and is responsible for those employed at Bay county Jail, and their actions under color of law who failed to properly train others acting on his or others behalf to protect Plaintiff from excessive use of force and failed to protect personal property that resulted in loss and did nothing to try to recover property loss which occured 11-1-13, or prevent use of excessive force

2.] Further upon notice sent to Defendant McKeithen by U.S. mail to meet with Plaintiff to discuss a remedy no response was returned and the Plaintiff advised how he was abused by others of the Bay county Jail staff and detailed the events [letter mailed 4-20-14 to Sheriff McKeithen

3.] Defendant McKeithen failed to do any investigation or conduct any inquiry into the allegations presented of excessive force used or the loss of personal property thus endorsing the others actions,

4.] Defendant McKeithen duties are ministerial as they are absolute involving the execution of a specific duty. Administering care, custody and control of property, as well as protection from physical excessive force are ministerial functions and unprotected by immunity, when Jail employees are the culperates of act.

5.] Defendant McKeithen failed to appropriately train staff and failed to take precautions to protect Plaintiff from repeated losses and cruel punishment. Thus negligently promulgated policies and endorsed the actions of all culperates stated within this report

5

13

6.) Defendant Warden ANGLIN, oversee's and is responsible for properly training and ensuring employees know their duties and policies as well as procedures, the defendant allowed others to not act according to dail procedures or police their mistreatment of the Plaintiff prior to and after the incident alleged

7.) Defendant Chief of Security Rigsby informed Defendant Anglin that Plaintiff had a legitimate claim submitted due to the loss of his personal property and wanted the equivalent of the loss

8.) Defendant Anglin refused to give the value of the loss and had defendant Rigsby attempt to delay process under response to the stolen or loss property claim-by not returning the form and conspired to block

9.) Thus taken No action and not providing or administering care in respect to doing anything about the loss except to try and cover it up by disregarding the methods designed to deal with stolen or loss property and outright refuses to respond on the excessive use of force, deliberate indifference issue Acting maliciously

10.) Defendant ANGLIN is responsible Employer or Principal liable for their employees or agents wrongful acts committed within the scope of their duty or employment

11.) Defendant RIGSBY on 12-16-13 did meet with Plaintiff and did acknowledge that his investigation revealed a genuine legit claim and did offer Plaintiff $5,000⁰⁰ for a settlement in respect for his loss of a 2.87ct diamond partial, 1 pair of contacts, 2 phonecards, 3 urban books and $150⁰⁰ of canteen taken by security under false and deceptive terms. Plaintiff refused informing defendant the property

lossed by Defendants was much more costly than what was offered.
And. there was Nothing being said about the excessive force used when
Plaintiff was purposely denied a cold shower by defendants Williams
A Sergeant, Corporal Helmes and officers C. Suggs who along with Barton
used chemical agents on Plaintiff during An attack by another detainee
that occured in Plaintiff's cell at 16:30 pm on 11-1-13

12.] Defendant Williams instructed Corp. Helmes, "to take their time with
Plaintiff and let him get a good taste of the hot sauce"(chemical agent) The
Corp. defendant Helmes, did not and failed providing or administering
care by purposely, Keepen Plaintiff in the breeze way seated with the
chemical agent in his eyes and all about his face for over 2 hours

13.] Defendant C. Suggs stated when Plaintiff requested treatment "for
petitioner to shut up or he'd get some more" but did not do Anything
to provide care or prevent the wanton infliction of pain and
suffering, except to make threats and laugh. [See video]

14.] Defendant C. Suggs failed to secure Plaintiff cell and to collect
all personal property for storage when Plaintiff was being moved to A
Maxium security unit and was responsible or liable for Not
protecting Plaintiff from the excessive use of force and or deliberate
Indifference on behalf of others present and the deprivation of property

15.] Defendant officer Barton assisted in the excessive use of force and or
action of deliberate indifference when he failed to provide ANY
care toward Plaintiff, whom he used chemical agent on and Knew or
should have Known to allow him to remove within 30 minutes of
exposure but as did all others want to see Plaintiff suffer the effects
and denied treatment and made no Attempt to intervene

15

16.] Plaintiff endured hours of brutal, severe, agony at the hands of Defendants Sgt. Williams, Corp. Helmes, C. Suggs and Barton on 11-1-13 and their collective actions produced eggregious affects

17.] Suffering cruel and unusual punishment burning, severe physical discomfort, humiliation and temporarily blinded, which caused some psychological anxiety depression and vision issues.

18] Sgt Williams defendant knew or should have known that the prolonged exposured Plaintiff would suffer tremendously, the longer he was forced to endure the chemical agent, but chose to force that condition without justification or cause to do so causing the injury purposely.

19.] Corp. Helmes, off. C. Suggs, off. Barton chose to follow the path of Sgt Williams by taken Petitioner/Plaintiffs personal property and by allowing Plaintiffs diamond partial and other named valuables to be left behind or stolen and or lossed making defendants acting in the work performance duty and under law liable for the property losseds.

20.] On 11-1-13 Defendants Sgt Williams, Corp Helmes, off. C. Suggs and off. Bartons did respond to a call for assistance due to a fight.

21.] Upon entering A3 Deffendants Suggs and Barton arrived at Plaintiffs cell 8 and saw inmate John Gibson and detainee Plaintiff striking one another and released chemical agents into Plaintiffs face and eyes

22.] After which time detainee Gibson was removed and Plaintiff was locked inside his cell. Plaintiffs diamond partial was inside a cup within his sink and he removed the partial placing it inside the sink and used the cup to attempt to rinse his eyes but the water was only hot inside his cell so it wasn't usable.

23.] Plaintiff several minutes later was ordered after door was opened to "turn around and submit to restraints or be taken down" by defendant SGT. Williams who was assitted by defendant officer Breton, defendant off. C. Suggs, and a unknown John Doe who security refuses to give name

24.] Plaintiff requested if he was able to collect his property and was told, "No by defendant Williams who instructed," these officers will get your things". Plaintiff submitted to restraint and was led out the unit.

25.] Plaintiff was seated outside the unit and made to take photos of visible injuries by Sgt Williams defendant who instructed Corp. Helmes to not be in a hurry to get Plaintiff checked out but to let him get a good taste of the hot sauce (chemical agent) which is what others did and it was done to inflict pain and cause suffering

26.] Plaintiff notified Chief of security 11-5-13 by submitting the first of 2 Lost/Stolen forms because he was instructed by Classification that it was the proper procedure for remedy by Mr Gilbert

27.] Plaintiff submitted a second Lost/Stolen form after discovering that the Defendant's Sgt Williams and Corp. Helmes had designated purchased Canteen from the Jail Vendor ARAMARK As being contraband and had given some to the inmate who assaulted Plaintiff!

28.] Plaintiff was called to chief of security office defendant Rigsby on 12-16-13 after Lt. Swans and Chief had met with detainee Taylor about his Lost/Stolen Claim that took place same date 11-1-13 by the same defendants who failed to recover all his personal property from his cell when being moved to maximum security and defendants Williams Sgt. and-

defendant Corp. Helmes who fabricated a fictitious rule to remove canteen as contraband. Stating if A detainee did not have a reciept to prove purchase, the said property is considered to be contraband.

29] This was Not a rule and defendants were stealing canteen and using by consumption for themselves and others employed keeping items in the Security area where Chief Rigsby office is located. [See video]

30] Defendant Rigsby the Chief knew of this act, and endorsed it but did on 12-16-13 agree to it being bogus and returned what was left to detainee Taylor and Plaintiff and asked if Plaintiff would give him time to talk with defendant Warden Anglin about paying for the loss.

31] Defendant Rigsby did not respond as he stated he would and although verbally admitted Security was liable, and responsible, he didn't feel like Plaintiff should be fully compensated for his loss

32] Plaintiff submitted 1-6-14 a request for Grievances(2) to Mr. Gilbert Concerning Non-response to Lost/Stolen filed claims over 30 days

33] Plaintiff submitted request as step 2 with No attachments due to defendant Rigsby not providing any copies to Plaintiff to follow procedure.

34] Plaintiff sent a request 1-4-14 for two more Grievances and was told that None of his filed or presented Grievances had been recieved although four (4) different attempts had been made for remedy.

35] Defendant Rigsby did Finally respond to A request sent about him not responding sent 3-22-14; defendant responded 3-25-14. Indicating it was Not indicated on intake Plaintiff had Gold teeth taken. Therefore it was responsibility of Plaintiff to secure any items not claimed as property."

A Grievance Step two was provided 30 days elapsed and Now comes the Plaintiff seeking redress because defendants refuse to follow their own Grievance procedures or respond (Grievance submitted 4-4-14) EXHAUSTED

18

## CRUEL AND UNUSUAL PUNISHMENT

The actions of Defendants Williams, Helmes, Suggs and BARTON IN USING excessive force or thereby contributing to the action against plaintiff without need or provocation, or in failing to intervene to prevent the misuse of force, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eight AMENDMENT of U.S.C.

Defendants Williams, Helmes, Suggs And Barton in agreeing to purposely force Plaintiff to endure a prolonged exposure to the chemical agent done soley for to cause harm, hurt, and pain was an assault and battery under the law of Florida

Defendant Riesby, Anglin, and Mckeithen failed to take disciplinary or other action to curb the Known pattern of like physical abuse of inmate/detainees by defendants Williams. Subordinates defendants Helmes, C. Suggs and BARTON constituted deliberate indifference to the plaintiff and other detainee's safety and contributed to and proximately caused the above-described violation of EIGHT AMENDMENT RIGHTS

Defendant's Mckeithen and Anglin failure to investigate, and refusal to review video evidence showing the constitutional violation constitues liability and indifference.

Defendants failures amount to upholding the violations and does amount to gross negligence to see the material undisputable evidence of wrongful conduct and misuse of force, which caused serious injury to a Plaintiff, suffering from Glaucomma, who had to have surgery due postly behind the assualt of employees supervised by Defendants Mckeithen, Anglin and Riesby who failed to discipline them.

NEGLIGENCE

Defendants C. Suggs and Barton both employed as detention officers over the Bay County Jail under Bay County Sheriff office negligently failed to secure Plaintiff personal property leaving behind his 2.87 diamond partial, 2 phone cards, 3 urban books, 1 pair of contacts, when they removed him from his cell on 11-1-13 and policy demanded such duty.

Either Defendants Sgt. Williams, Corp. Helmes and Chief of Security Riesby negligently promulagted policies, failed to appropriately take precautions to protect Plaintiff from being forced to endure chemical agent exposure in excess of suggested time frame of 30 minutes

Plaintiff endured the eaurecious[is] affect from 10:30 pm until or about 12:30 am suffering cruel and unusal punishment, burning and severe physical discomfort, that left him temporarily blind, which brought out psychological anxiety, depression, and the exsperience has left him to be emotionally unbalanced and fearfully depleated psychologically.

Defendants, Bay County Sheriff office,[2] Sheriff FRANK McKiethen, and Warden Anglin, duties are ministerial as it is absolute, involving the execution of a specific duty.

Administering care, custody and control of property, detainees protection from physical excessive force are ministerial functions and unprotected by immunity, when jail employees are the culperates of act.

All Defendants failed to-excecute these duties and thus Negligently promulgated policies, failed to appropriately train staff and failed to take precautions to protect Plaintiff from repeated losses and cruel punishment.

[2] Defendant Chief of Security Riesby endorsed the actions and knew or should have known the failure to exercise a mass search or to do anything about the loss of property and the failure to follow policy WAS significant negligence.

Negligence is the failure to use such care as a reasonable prudent and careful person would use under similar circumstances.

Did the removal of the Plaintiff, from his cell, cause the deprivation of property loss, due to security, Bay County Jail detention officers failure to secure "all" personal property and securement of or lack there of was or is negligent on Jail officials behalf making defendants liable

Florida model Jail and Standards policy is to collect all the property of a confined inmate in fullness and reassign such property allowed, the failure to do so is a violation of Plaintiffs 5th Amendment right under const.

Defendants use of chemical agent on the Plaintiff was or is justified due to a fight, however the fact that use of the chemical agent occurred warrented certain safety precautions and care, to be extended toward Plaintiff, as policy and procedure demand, "that in no event shall a person be subjected to endure the exsposure beyond 30 minutes, and Plaintiff was made to suffer the abuse continually for over 2 hours.

To constitute negligence[3] an act must violate "a duty of care" owed to the injured person and it must cause harm, that is within the class reasonably forsee able hazards that the duty exists to prevent.

All of the defendants knew or should have known, that a duty of care was to be provided to the injured Plaintiff, and that the harm, of being left to endure the exsposure was a forseeable hazard that defendants could have prevented, yet chose to do nothing.

These are deliberate actors, that promote findings of a wanton disregard for that duty of care, and a willfull, arbitrary an capricious objective is shown, in the face of said failures by Defendants actions. [3]

Defendants Sheriff Frank Mckiethen, Warden Anglin, Chief Rigsby, Sgt. Williams, and Corp. Helmes are all supervisors who played an affirmative role in the deprivation of property and cruel and unusual punishment violations.

14

## DELIBERATE INDIFFERENCE

Plaintiff was denied shower for over 2 hours after being exposed by having chemical agent used against his person were defendants officer Barton, and officer C. Suggs did apply the use.

Defendants Sgt. Williams, Corp. Helmes, officers Suggs and Barton collectively agreed not to allow Plaintiff to shower within 30 minutes and there were no extraordinary circumstances that prevent them from performing this duty as is required.

Plaintiff contends the deliberate indifference occurred and defendants had reason to know of facts creating a high degree of risk of physical harm and acted in conscious disregard or indifference to that risk.

The defendants use of force became intentfull as they refused to provide care and shower Plaintiff within 30 minutes. Thier agreement to let Plaintiff get a taste of the Hot sauce resulted in punishment that crossed the line of excessive.

The intended punishment and injury was more than deminimis [Pretrial detainees have a Fourteenth amendment due Process right against being subjected by jail guards to excessive force that amounts to punishment.]

Defendants actual intent was one of reckless disregard, there was No Need for force, yet defendants ordered Plaintiff to be seated in a chair, outside of A-dorm, at 10:50 pm on 11-1-13; and Plaintiff was made to endure having chemical agent released into his face, eyes, and upper body.

No legitimate cause exists for the 2½ hours of suffering Plaintiff was made to undergo, other than the desire of the defendants to witness his agony and no attempt to temper the severity of the need to remove chemical agent.

Defendants acted with deliberate or callous indifference, evidenced by an actual intent to violate Plaintiffs rights or reckless disregard for his rights.

First evidence of video recordings reveal the entire episode and does support Plaintiffs presentation of the events were defendants used the chemical agent as punishment intending for it to cause hurt, harm or pain!

There exist a legitimate intrest in the use of force which is evident from the circumstances see Hudson V. McMillian stating, "the detainee would not be required to show severe injuries...

Plaintiff can show (1) an injury which directly resulted from the use
of force that was clearly excessive to the need and the force used was
objectively unreasonable. See Williams V. Bramer 180 F. 3d. at 703/
Hickey V. Reeder 12 F 3d 754, 758-59 and Jones V. Huff 789 F. Supp 526
536 (Cripping a prisoners clothes off was unconstitutional because done
maliciously with intent to humiliate him); (dropping a shackled inmate
so he hit his head violates the 14th amendment); Smallwood V. Renfro 708
F. Supp. 182, 188 (No requirement of serious injury where force was used
Gratuitously.) See Boone V. Elrod 706 F. Supp. 636, 638

Where officers knew of risk could be liable for not acting to prevent it,
and failed to do so. Plaintiff underwent eye surgery due to the prolonged exsposure
which caused serious injury to Plaintiff who suffers from having glaucoma.

County Jail Policy Maker, Jail officials had a state law duty to take
reasonable precautions under the circumstances to preserve prisoner life
health and safety yet failed to carry out.

Plaintiff contends negligence is the failure to use such care as a
reasonable prudent and careful person would use under similar circum-
stances.

Plaintiff futher contends his removual from his cell were officials refused to
allow him to collect his personal valuables caused the deprivation of property
loss due to security/Bay County Jail detention officers, defendant's Bartow
C. Suggs, Williams. Helmes and others unknown Failure to secure "all" personal
property and securement of cell not being carried out was negligence.

Defendants Bay County Jail Officials made themselves responsible for the
Plaintiff's property the second he was removed from the cell and placed in
the max securement by Security. and are liable for property

Defendants caused the delay of this motion being presented to Court as it
was delivered to Mr. William Tyndal on or about 5-28-14; to be given to
mail clerk G. McKeithen, the daughter-inlaw of defendant Frank McKeithen
the Sheriff of Bay County Jail.

The document was not mailed and shows futher contempt of officials
to incite illegal and unjust methods to prevent such rights to challenge
conditions of confinement violating the rights under U.S. constitution.

VI.   STATEMENT OF CLAIMS:

[NUMBERS 1-5] Violated U.S.C. amendment 5; and Florida law-"which states No person shall be made to endure loss of or injury to life liberty or property". Plaintiff contends that County jail officials failed to remedy the wrong after being informed of the violation through reports, request, and letter mailed And acts fell under supervisory liability.

Defendants acting under color of state law did cause a deprivation of personal property when they either intentionally stole or negligently lossed Plaintiff's property and once notified of the claim, rather than pay the cash equivalent chose to cover up the legitimate(claim) by declaring No Action.

[NUMBERS 6-11] Violating U.S. Const. amendments 4, 5, 8, and 14; As cause shows deliberate indifference standards regarding 4th and 8th amendments

Defendant's were informed about the loss of property and did not attempt to search inmates or cells nor staff after it was made a demand by the Plaintiff to defendant Corp. Helmes who had the authority to do such but did nothing to recover the property reported missing

Defendants Williams (Sgt), Corp Helmes, off. C. Sugas, and Barton were all told not to respond to any request or give no statements in regard to the use of force alligations or the property loss and confiscated by Chief Rigsby under order of Warden Anglin And Said factors by supervisors custom or policy resulted in deliberate indifference to constitutional rights

Herein facts support an inference that the supervisor directed subordinates to act unlawfully and failed to stop them from doing so in [Numbers 11-18;] Violating U.S.C. amendment eight; being cruel and using excessive force, and failed to protect personal property or stole it violating U.S.C amend. five and Supervisors knew of deprivation of constitutional rights and did facilitate acts

19

[NUMBERS:19-24] violated U.S.C. amend. 5, and the eight amendment defendant SGT. Williams was acting supervisor and did direct subordinates to let Plaintiff endure exsposure and experience effects of chemical Agent causing an unwarranted infliction of pain for the sole purpose of harm violating the eight amendment and action by supervisor was one of a deliberate indifference, malicious and sadistic without any objective.

Corp. Helmes, off. C. sweas, off. Baxtour defendants herein did not intervene or attempt to provide, administer, or give to Plaintiff care, Although Plaintiff requested assistance and yelled he had Glaucoma and needed to get a cold shower, he was ignored and threathen by defendants.

Defendants are liable concerning property where they are Grossly negligent in supervising subordinates. Defendants either stole or lossed a diamond partial worth thousands and did not conduct any search for it when advised it was missing by Plaintiff that night.

Supervisor's had actual Knowledge of serious risk and failed to act reasonable to avert it. The act of subjecting a detainee, this Plaintiff to the effects of being burned And making him suffer for over 2 hours, when 30 minutes is set as an limit was maliciously and sadistically carried out and shown by video evidence to be fact. Which caused physical damage to Plaintiff eyes.

Numbers [25-29] Violating U.S.C. Amend. 5, 14.; Defendants failed to give a confiscation slip, or allow any challenge to their labling canteen as contraband and. rule. book does not face. any such infraction. thus Plaintiff canteen was stolen by defendants SGT Williams and Corp Helmes.

[Numbers 30-35] violates U.S.C. AMEND. 14 right to procedural due itoress by conduct that shows a reckless or callous indifference to rights of others."

## VII. RELIEF REQUESTED:

Plaintiff seeks $50,000 in compensatory damages from the loss of his 2.87 ct. diamond partial. The sentimental value of the diamond given by his late grandmother was priceless and cannot be recovered thus compensable injuries include psychological damage.

Plaintiff suffered personal humiliation having to walk around without partial—which caused mental anguish, embarrassment and having to endure the fact his grandmothers gift to him was taken by detention officers, employees and defendants are daily parading about before his face as if they are upstanding and generally good people causing emotional distress

Plaintiff seeks $100,000 in punitive damages for all the said reasons stated above and because of the deliberate actions of defendants who caused the Plaintiff to undergo surgery from eye presure soaring after the deliberate prolonged exposure to chemical agent for the sole purpose to cause pain and suffering as well as physical discomfort, which resulted in injury and the violation of U.S. Const. Amendment 8; was the proximate cause of the injury and caused by defendants intentionally.

Plaintiff seeks compensatory damages for all other listed items, property destroyed, or confiscated, of $2,500 and punitive damages of $2,500

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES ARE TRUE AND CORRECT.

9-9-14
DATE

Tracy d Collen
SIGNATURE

I declare (or certify, verify or affirm) under penalty of perjury that this complaint was delivered to Prison officials for mailing on the 9th day of September 2014

VII      " RELIEF SOUGHT "

Defendants, Bay County Sheriff Office. Sheriff FRANK McKiethen et al. is being sued in their personal and official capacity. Plaintiff seeks compensatory damages of $25,000⁰⁰ for Personal property loss, and $25,000⁰⁰ for Cruel and unusal punishment, for excessive exposure to chemical agent.

Defendants are responsible Employers or Principals liable for thier employee's or agents wrongful acts committed within the scope of their Employment, thus Punitive damages are herein applicable As requested.

Defendant's SHERIFF FRANK McKIETHEN, WARDEN R. ANGLIN, and Security Chief RIGSBY, all Failed to appropriately train staff, Failed to take any action, to discipline their employee's, or attempt to search for the property, and failed to take precautions, advised under Florida Model Jail and standards for treatment of chemical agent. thereby endorsing actions of EMPLOYEES.

Defendants Sgt. Williams and Corp. Helmes are being sued in their personal and official capacity for Not providing or administering care in respect to procedure or policy and for not doing anything to protect Plaintiff from the loss of property or the wanton infliction of suffering.

In fact defendant Sgt. Williams was the supervisor who orchestrated the events by not allowing Plaintiff to collect his partial, and Keeping the Plaintiff from being allowed a cold shower within allowable time.

Defendant Williams Sgt. did also wrongfully take Plaintiff canteen to use and consume for himself and other staff.

Defendant Sgt. Williams is to be sued in his personal and official capacity as plaintiff seeks punative damages of $20,000 and compensatory damages of $15,000 from this defendant and or his estate, who is employed by BAY County Sheriff Office and acted under Color of State law

Corp. HELMES, defendant is being sued in her personal and official capacity. Defendant HELMES is employed at Bay County Jail acting under color of state laws and Job duty, did fail to take action to protect Plaintiff from prolonged exposure to chemical agent, and did not order a search to be conducted for a diamond partial.

Defendant Helmes further assisted in removing Plaintiffs Personal Property by removing the purchased canteen under contraband claim that was allegedly confiscated because Plaintiff was said to not have reciepts for those items which was a false presumption.

Defendant Helmes endorsed and wilfully participated in the wrongful actions of constivents committed within scope of their employment, and did nothing to intervene, the torture and unwarranted infliction of pain caused by defendants Sgt. Williams, defendant Barton and defendant C. Suggs as well as herself with the purpose to harm Plaintiff.

Defendant Helmes is liable and was supervisor over A-Dorm the night of incident and failed to ensure the full collection of Plaintiffs Personal property. Plaintiff seeks $20,000 in compensatory damages and $15,000 in punative damages from this defendant.

Defendant Barton, a detention officer at and employed by Bay county Sheriff office, active under color of law, who committed wrongful acts, committed within the scope of his employment is being sued in his personal and official capacity and did fail to protect or provide reasonable care to Plaintiff after releasing chemical agent into his eyes and face, and upper body area, and was assigned to work Post A; were Plaintiff was housed on 11-1-13 date of incident.

Defendant Barton failed to provide Plaintiff with a cold shower within allowable time frame for the purpose to inflict unwarranted punishment pain and suffering and made no attempt to prevent Plaintiff from any wrongful actions being performed by other defendants so listed toward Plaintiff, and defendant Barton an assigned officer who failed to follow policy and procedure did not collect the personal property of Plaintiffs in full as was his duty and is liable and negligent to these facts for damages

Plaintiff seeks $10,000 in compensatory damages from the deprivation of property loss and $20,000 in punitive damages from defendant Barton

Defendant Suggs is sued in his personal and official capacity acting under color of state law.

Plaintiff seeks $10,000 in compensatory damages from the deprivation of property loss and $20,000 in punitive damages from defendant, C. Suggs whose actions were identical to officer Bartons and is to be held liable and found to be negligent in same respect.

Defendant Suggs used chemical agent on Plaintiff and failed to act or prevent a wanton infliction of pain or to provide reasonable care toward Plaintiff

Defendant Suggs failed to secure Plaintiff's cell and collect all his personal property leaving or causing the loss of the property pronounced and is to be found liable and negligent as shown throughout this report.

WHEREFORE PLAINTIFF requests that this court grant the relief sought and does declare that defendants violated amendments. 5, 8 and 14 of U.S. constitution and Florida law, when they caused or created the loss and deprivation of his personal property and by their collective failure to act under policy and provide or administer method of treatment to Plaintiff after using chemical agent on him, which was done to inflict punishment and cause suffering. said being cruel and unusual punishment violating Plaintiffs rights which warrants relief.

Respectfully Submitted Shaun L. Collier

9-9-14

## "CERTIFICATION"

I HEREBY CERTIFY that a true and correct copy of the foregoing was forwarded via. hand delivered ☐ or by U.S. mail ☐ to CLERK U.S. COURT District, 30 W. GOVERNMENT St., Panama City FL. 32401; on 21st day of MAY 2014

Mr. Tracy L. Collier

Tracy L. Collier #2013-004395
B.C.S.O. / Jail
5700 STAR LN.
P.C. FL. 32404

## "DECLERATION"

I DECLARE under penalty of perjury that i have read the foregoing and the above information contained herein is true and correct and was deposited in the internal mail system on 21st day of MAY 2014

Ronnie C. Tyndal

Thay L Collier

RONNIE C. TYNDAL
MY COMMISSION # EE 044299
EXPIRES: January 26, 2015
Bonded Thru Notary Public Underwriters

5-21-2014

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF FLORIDA, PANAMA CITY DIVISION

RE: CIVIL RIGHTS COMPLAINT                                    9-9-14

CLERK OF COURTS,

Please be of notice that Plaintiff MR. COLLIER has attempted to have
this action presented to court and was under belief it had been delivered to the
court as was intended by Bay County Jail officials.

This particular motion was provided to Mr. William Tyndal for delivery to the
court 5-28-14. Mr. Tyndal was the case manager and had taken the motion
and presented it to Mrs. G. McKeithen. the mail clerk of Bay county Jail.

Mrs. G. McKeithen is the daughter-in-law of defendant Frank McKeithen
and the motion was never mailed as Plaintiff desired and is being investigated
for future complaint and redress for obstructing delivery of outgoing mail.

Plaintiff request this motion/complaint be here to forward accepted and
presented to court for addressment.

                                    Sincerly Mr Tracy L. COLLIER
                                    #880017 A.O.C.
                                    WALTON CORRECTIONAL INST.
                                    691 INSTITUTION RD.
                                    Defuniak Springs FL. 32433

**Provided to Walton CI**
On ___9-9-14___ for Mailing
         Date

Inmate's Initials ___ZZ C___

Rec'd 0911*14UsDcF1n5PH0121

Hasler
09/09/2014
US POSTAGE

MAILED
FROM A
CORRECTIONAL
INSTITUTION

MR. TRACY L. COLLIER # 899017
WALTON CORECTIONAL INSTITUTION
691 INSTITUTION RD.
DEFUNIAK SPRINGS, FL. 32433

"FEDERAL"

CLERK, U.S. DISTRICT C
30 W. GOVERNMENT ST.
PANAMA CITY, FL. 3240-