IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TRACY LASHOWN COLLIER, #880017
    Plaintiff,

vs.                                                         Case No. 5:14cv226/RS/EMT

FRANK McKEITHEN, et al.,
    Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

       This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (doc. 1) and his motion to proceed in forma pauperis (doc. 2). For the limited purpose of dismissal of this action, leave to proceed in forma pauperis will be granted.

       Because Plaintiff is a prisoner proceeding in forma pauperis, the court is required to dismiss the complaint if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious.

       Questions A and B of Section IV of the complaint form ask whether Plaintiff has initiated other actions in state court (question A) or federal court (question B) dealing with the same or similar facts or issues involved in this action (doc. 1 at 5[1]). Where there is a parenthetical area to mark either a "yes" or "no" answer to question A, Plaintiff marked "no" (*id.*). Where there is a parenthetical area to mark either a "yes" or "no" answer to question B, Plaintiff also marked "no." Question C of Section IV asks, "Have you initiated other actions . . . in **either state or federal court**

---

    [1] Page numbers are as assigned by the court's electronic docketing system, not as shown on the paper document.

that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id.* at 12). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff indicated yes by listing Case No. 5:01cv205/MMP/SMN below the parenthetical area; he listed no other cases in response to question C (*see id.*). Question D of Section IV asks, "Have you ever had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed" (*id.*). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "no." Thus, Plaintiff has in effect stated that besides the instant lawsuit and the single lawsuit identified above, he has initiated no other lawsuit in federal court that deals with the same or similar facts or issues involved in this action; no other federal lawsuits that relate to the fact or manner of his incarceration or conditions of confinement; and no other lawsuit in federal court that was dismissed as frivolous, malicious, failing to state a claim, or prior to service. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*id.* at 26).

Upon review of the docket, this court takes judicial notice that as of the date Plaintiff filed the original complaint in the instant case, September 9, 2014 (*see* doc. 1 at 26), he had previously filed Collier v. McKeithen, et al., Case No. 5:14cv136/RS/CJK. The complaint in this previous case dealt with the fact or manner of his incarceration at the Bay County Jail, specifically, that he was deprived of his personal property and that excessive force was used upon him, in violation of his constitutional rights (*see* Case No. 5:14cv136/RS/CJK, doc. 1 at 7–25). On August 12, 2014, that case was dismissed without prejudice for Plaintiff's failure to respond to an order of the court (*see id.* at doc. 9). In fact, the case currently before the Court is styled exactly like this previous case and essentially replicates the claims and allegations from it.

Furthermore, the Court finds that, on the same day Plaintiff filed the current action, he also filed Collier v. U.S. Government, I.R.S. Division, et al., Case No. 3:14cv470/MCR/EMT, which claims that officials at Okaloosa Correctional Institution violated his First and Fifth Amendment rights by interfering with mail he had sent from the prison. Thus, this concurrently filed case also deals with the fact or manner of Plaintiff's incarceration.

In the instant complaint form, Plaintiff did not list Case No. 5:14cv136/RS/CJK or Case No. 3:14cv470/MCR/EMT in Section IV (*see* doc. 1 at 6–7), even though the cases qualified as federal court actions that were responsive to question C (actions relating to the fact or manner of confinement) and should have been included. Equally, Case No. 5:14cv136/RS/CJK, since it was a case "dismissed . . . prior to service," should have been identified in response to question D.

The information from Section IV of the form is useful to the court in a number of ways. First, the court uses this information to determine whether Plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g). The information also helps the court to consider whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action. Further, since prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action. The information also helps the court identify prisoner plaintiffs who have been permitted to proceed in forma pauperis, and thus are obligated to pay the filing fee in full by installment, but may not have kept their payment status current.

By his untruthful answers, Plaintiff has inhibited the efficiency of the court in making these determinations. Plaintiff has affirmatively misrepresented the facts to this court. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the instant case could result from his untruthful answers.[2] If Plaintiff

---

[2] Indeed, Section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* doc. 1 at 3) (emphasis and capitalization in original).

By separate Report and Recommendation in Case No. 3:14cv470/MCR/EMT, the undersigned has also recommended dismissal of that case on the same basis as the instant case. The Court is aware that Case No.

suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice. Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is **ORDERED:**

Plaintiff's motion to proceed in forma pauperis (doc. 2) is **GRANTED** for the limited purpose of dismissing this action.

And it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

At Pensacola, Florida, this 16th day of October 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

3:14cv470/MCR/EMT, while identified herein as a "previously filed" case, was actually delivered into the prison mail system for filing on the same day as the instant case, and both were docketed with the Court on the same day. Therefore, technically speaking, Case No. 3:14cv470/MCR/EMT would not qualify as a "prior civil case," although, even more technically speaking, one or the other of these two cases would by some calculation have to be the prior case. Although the failure to disclose this concurrent case undermines the intent of the disclosure requirement, nonetheless, due to this technicality, had the concurrent case been the only case that Plaintiff did not disclose, the undersigned would not have issued this Report. But since Plaintiff also did not disclose a case that clearly qualified as a prior case, the undersigned has filed this Report and has included the concurrent case, which not only helps to emphasize the purpose behind the rule but also might aid in the Court's record-keeping should Plaintiff file more cases in the future.

Case No: 5:14cv226/RS/EMT

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **<u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>**.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).